IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDALL DAVID DUE, #96294-020,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-01074-JPG |
| | ) |
| USA, | ) |
| STACI M. YANDLE, | ) |
| ERIC WILLIAMS, | ) |
| ASSOCIATE WARDEN CHEEKS, | ) |
| ASSOCIATE WARDEN SANTIAGO, | ) |
| E. GORE, | ) |
| LT. PHILLIPS, | ) |
| MATTHEW R. HOFFMAN, | ) |
| BRIAN D. BAILEY, | ) |
| ROBERT T. DAWSON, | ) |
| JOSEPH E. BATAILLON, | ) |
| LAURIE SMITH CAMP, | ) |
| THOMAS D. TALKEN, | ) |
| JOHN M. GERRARD, | ) |
| F. A. GOSSETT, | ) |
| RICHARD G. KOPH, | ) |
| DENISE M. LUCKS, | ) |
| MICHAEL E. GANS, | ) |
| LAVENSKI R. SMITH, | ) |
| JAMES B. LOKEN, | ) |
| JOHN R. TUNHEIM, | ) |
| DANIEL HOVLAND, | ) |
| D. PRICE MARSHALL, | ) |
| STEPHANIE ROSE, and | ) |
| ROBERT F. ROSSITER, Jr., | ) |
| | ) |
|     **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    This case was opened upon receipt of an "Independent *Hazel-Atlas* Civil Action" ("Complaint") filed pursuant to 28 U.S.C. § 1331 by Plaintiff Randall David Due. (Doc. 1). Due is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the

1

Federal Correctional Institution in Greenville, Illinois. He filed two *Hazel-Atlas* actions in this court to challenge the constitutionality of his conviction for filing false liens and encumbrances. *See United States v. Due*, No. 12-cr-344-002 (Neb. 2012) ("Criminal Case"). Due maintains that his conviction should be voided because it was procured through fraud upon the court. He seeks an order vacating the judgment, expunging his record, releasing him from custody, and transporting him to his home in Georgia.

This Court must evaluate the substance of Due's claim to determine if the correct statute – in this case 28 U.S.C. § 1331, which provides for federal court jurisdiction over civil actions – has been invoked. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Civil rights law is his remedy, if Due is challenging the conditions, rather than the fact, of his confinement. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Here, Due is challenging the fact of his confinement and not the conditions of his confinement. Civil rights law provides him with no avenue to relief.

If a federal prisoner requests "what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation," then he should file a petition for writ of habeas corpus. *Graham v. Broglin*, 922 F.2d at 381. But, this is only after he pursues relief in a direct appeal or a collateral attack and can demonstrate that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e). Due seeks release from custody based on a fraudulently-procured criminal conviction. Therefore, he should have pursued relief in a direct appeal, collateral attack, and/or a habeas action.

Review of public records reveals that he has already pursued numerous other avenues to relief without success. *See United States v. Due*, No. 12-cr-344-002 (Neb. 2012). Following a

jury trial in the United States District Court for Nebraska, Due was convicted on one count of filing false liens and encumbrances in violation of 18 U.S.C. § 1521, one count of conspiracy to file false liens in violation of 18 U.S.C. § 1521, and five counts of filing false liens and encumbrances in violation of 18 U.S.C. §§ 1521 and 3147.  He received a sentence of 120 months of imprisonment.  He did not file a direct appeal.  Due instead filed two motions to vacate judgment in the District of Nebraska.  (Criminal Case, Docs. 557, 606).  The District of Nebraska denied both motions after finding that they were frivolous.  (Criminal Case, Docs. 558, 607).  He nevertheless continued filing motions in the District of Nebraska that were also denied as being frivolous.

Meanwhile, Due filed at least three petitions for writ of habeas corpus under 28 U.S.C. § 2241 in the federal judicial districts where he was confined.  *See Due v. Saad*, No. 18-cv-29-GMG (N.D.W.V.) (First § 2241 Petition); *Due v. Werlich*, No. 19-cv-1340-NJR (S.D. Ill.) (Second § 2241 Petition); *Due v. Williams*, No. 20-cv-603-SMY (S.D. Ill.) (Third § 2241 Petition).  In each one, he challenged his conviction and sentence on the same or similar grounds as the *Hazel-Atlas* action.  All three habeas petitions were dismissed.

On June 7, 2021, Due challenged his conviction and sentence in the court of conviction by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and a separate "Affidavit Complaint Motion 60(d)(3) – *Hazel Atlas* Action."  *See Due v. United States*, No. 21-cv-00218-RFR (D. Neb.) (Criminal Case, Docs. 611 and 613) (First § 2255 Motion).  The district court denied both motions on July 23, 2021.  (Criminal Case, Docs. 615).  Due appealed the decision on August 9, 2021, and the appeal is currently pending before the United States Court of Appeals for the Eighth Circuit.  (*See* Criminal Case, Docs. 616 and 619).

On July 29, 2021, Due nevertheless filed a second motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, this time in this District.  *See Due v. United States*, No. 21-cv-

3

868-SMY (S.D. Ill.) (Second § 2255 Motion).  He also filed two *Hazel-Atlas* actions in this court on August 30, 2021 and September 20, 2021.  *See Due v. United States, et al.*, No. 21-cv-1074-JPG (S.D. Ill. filed Aug. 30, 2021); *Due v. United States, et al.*, No. 21-cv-1160-JPG (S.D. Ill. filed Sept. 20, 2021).  All three actions address virtually the same arguments and seek the same relief.

When presented with this situation, the district court must look to the substance of the complaint or motion.  *See United States v. Caraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("[I]t is the substance of the petitioner's motion that controls how his request for relief shall be treated.").  Here, Due invokes *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), in which the United States Supreme Court held that federal courts possess inherent authority to vacate a judgment obtained by fraud on the court.  *Id*.  While the district court does possess such power, it is constrained by 28 U.S.C. § 2244(b)(3).  Section 2244(b)(3) requires an applicant seeking relief in a second or successive motion to vacate, set aside, or correct sentence to obtain permission in the appropriate court of appeals before filing the second or successive motion.  *United States v. McIntosh*, 373 F. App'x 597 (7th Cir. 2010).  Due has not obtained the necessary authorization from the court of appeals before bringing this successive attack on his conviction and sentence.  This Court thus lacks subject matter jurisdiction, so this action shall be **DISMISSED.**

**Due is WARNED to REFRAIN from further duplicative or redundant filings in this District.  Failure to abide by this warning may result in sanctions that include, but are not limited to, monetary fines and/or a filing restriction.**

Because Due invoked 28 U.S.C. § 1331 and brought this case as a "civil action" rather than a habeas corpus claim, he is assessed the usual civil filing fee of $402.00.[1]  His obligation to pay

---

[1] Effective December 1, 2020, the filing fee for a civil case was increased to $402.00, by the addition of a new $52.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

the filing fee for this action was incurred at the time the action was filed, and he remains obligated to pay this fee. Because he is indigent, the Motion for Leave to Proceed *in forma pauperis* (Doc. 7) is **GRANTED**, and he shall be responsible for a filing fee of $350.00. The Clerk's Office will address payment of this fee in a separate order.

The Clerk's Office is **DIRECTED** to enter Judgment accordingly and **CLOSE this case**.

**IT IS SO ORDERED.**

**DATED: 10/25/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

A litigant who is granted IFP status, however, is exempt from paying the new $52.00 fee and must pay a total fee of $350.00.